**EXHIBIT C**

# BURSOR & FISHER
P.A.

**1990 N. CALIFORNIA BLVD., SUITE 940**
**WALNUT CREEK, CA 94596**
www.bursor.com

**NEAL J. DECKANT**
Tel: **925.300.4455**
Fax: **925.407.2700**
ndeckant@bursor.com

May 31, 2022

*<u>Via Certified Mail – Return Receipt Requested</u>*

Acme Markets, Inc.
250 E. Parkcenter Blvd.
Boise, ID  83706

Acme Markets, Inc.
c/o C.T. Corporation System
28 Liberty Street
New York, NY  10005

Albertsons Companies, Inc.
250 E. Parkcenter Blvd.
Boise, ID  83706

Albertsons Companies, Inc.
c/o C.T. Corporation System
921 S. Orchard Street
Suite G
Boise, ID  83705

Albertson's LLC
250 E. Parkcenter Blvd.
Boise, ID  83706

Albertson's LLC
c/o C.T. Corporation System
921 S. Orchard Street
Suite G
Boise, ID  83705

Safeway Inc.
11555 Dublin Canyon Road
Pleasanton, CA  94588

Safeway Inc.
c/o C.T. Corporation System
330 N. Brand Blvd.
Suite 700
Glendale, CA  91203

Albertsons Safeway LLC
250 E. Parkcenter Blvd.
Boise, ID  83706

Albertsons Safeway LLC
c/o C.T. Corporation System
330 N. Brand Blvd.
Suite 700
Glendale, CA  91203

Better Living Brands, LLC
11555 Dublin Canyon Road
Pleasanton, CA 94588

LNK International, Inc.
22 Arkay Drive
Hauppauge, NY 11788

Re:    *Notice and Demand Letter Pursuant to U.C.C. §§ 2-313, 2-314, 2-607;*
       *All applicable consumer protection statutes*

To Whom It May Concern:

      This letter serves as a preliminary notice and demand for corrective action to Albertsons Companies, Inc., Alberton's LLC, Safeway Inc., Albertsons Safeway LLC, Shaw's Supermarkets, Inc., Better Living Brands, LLC, and LNK International, Inc. (collectively, "You"), concerning breaches of express and implied warranties on behalf of our client, Christine Bischoff (the "Client"), and a class of all similarly situated purchasers of certain Signature Care-branded acetaminophen products (the "Class").  This letter also serves as notice pursuant to U.C.C. § 2-607(3)(a) concerning the breaches of express and implied warranties described herein.  This letter additionally serves as notice of violations of all applicable federal and state consumer protection laws.

      You uniformly advertise, market, and sell acetaminophen gelcap products prominently featuring the representation "Rapid Release" on their labeling and packaging, under the brand name Signature Care (collectively, the "Products").  Our Client purchased Your Products from an Acme Markets retail location in the state of New York.  Our Client understood the "Rapid Release" claims to be representations and warranties by You that the Products release acetaminophen faster – and therefore provide quicker pain relief – than cheaper non-Rapid

Release formulations, such as traditional acetaminophen caplets and/or tablets. Our Client paid a price premium for the Products over non-Rapid Release formulations. However, contrary to Your express representations, the Products are not "Rapid Release," as independent lab testing demonstrates that the Products actually release acetaminophen *slower* than Signature Care's non-Rapid Release formulations. *See* Exhibit A (2022 report from Valisure, LLC, an independent laboratory, as to the Products at issue); *see also* Exhibit B (2018 study from Kaury Kucera, *et al.*, regarding the testing and methodology). As such, our Client and similarly situated consumers were misled and deceived by You as to the Products' true characteristics. Yet, our Client reasonably relied on Your representations and warranties in deciding to purchase the Products, and these representations were part of the basis of the bargain in that our Client would not have purchased the Products, or would not have purchased them on the same terms, if the true facts had been known. Thus, as a direct result of Your material misrepresentations and omissions, our Client suffered, and continues to suffer, economic injuries. In substantially similar cases, courts have held that such facts meet the federal pleading standards and are suitable for class certification. *See* Ex. C (Order granting in part and denying in part class certification in *Bailey v. Rite Aid Corp.*).

Your conduct thus constitutes: (i) breaches of express and implied warranty pursuant to U.C.C. §§ 2-313, 2-314; (ii) common law fraud; (iii) fraudulent omission; (iv) unjust enrichment; and (v) further violations of state consumer protection statutes, discussed above. This letter also serves as notice and demand that our intends to seek actual, statutory, and punitive damages under N.Y. Gen. Bus. Law §§ 349-350, and any other and further relief as equity and justice may require, against You on behalf of herself and the Class.

Accordingly, on behalf of our Client and the Class, we hereby demand that You (1) issue a mandatory recall of the Products, and (2) make full restitution to all our Client and all similarly situated purchasers of the Products of all purchase money obtained from sales thereof.

We also demand that You preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1. All documents concerning the design, packaging, labeling, and manufacturing process for the Products;

2. All documents, communications, consumer surveys, or memoranda concerning any testing of the Products or other research done concerning the ingredients in the Products, whether performed by You or any third-party entities;

3. All documents concerning the pricing, advertising, marketing, and/or sale of the Products;

4. All communications with customers involving complaints or comments concerning the Products;

5. All documents concerning communications with any retailer involved in the marketing or sale of the Products;

6. All documents concerning the identity of those individuals who purchased the Products;

7. All documents concerning communications with federal or state regulators concerning the Products; and

8. All documents concerning the total revenue derived from sales of the Products.

If You contend that any statement in this letter is inaccurate in any respect, please provide us with Your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if You wish to discuss an appropriate way to remedy this matter. If I do not hear from You promptly, I will take that as an indication that You are not interested in doing so.

Sincerely,

Neal J. Deckant